*E-Filed 10/19/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KAROL DAVENPORT,

    Plaintiff,

v.

LITTON LOAN SERVICING, et al.

    Defendants.
_____/

No. C 10-0679 RS

**ORDER REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT**

## I.  INTRODUCTION

Karol Davenport asks the Court to refer her case to the Federal Pro Bono Project for appointment of a volunteer attorney to assist in a civil action against Litton Loan Services. Additionally, Davenport asks the Court to stay the proceedings pending the appointment of counsel. Because Davenport has demonstrated that her claim is one that would benefit from referral to the Federal Pro Bono Project, her motion for referral is granted.  As explained with greater specificity below, all proceedings are stayed for four weeks from the date a volunteer attorney is appointed by this Court.

## II.  FACTS

On July 16, 2010, this Court dismissed Davenport's Complaint in its entirety, but afforded her leave to amend the majority of claims alleged. The Court also set a deadline by which Davenport was required to file any amended complaint. Prior to this deadline, Davenport's attorney sought permission to withdraw from the case. The request was granted, and Davenport was afforded a longer period of time in which to file an amended complaint. When that extended deadline passed, this Court scheduled an Order to Show Cause hearing for December 2, 2010. Davenport was instructed to file either an amended complaint prior to that date, or appear in person to explain why her case should not be dismissed for failure to prosecute. Davenport now avers that she did search for replacement counsel, but was unable to find an attorney that she could afford or one who would be willing to take her case on a pro bono basis. She also points out that, while she does receive $1,200 per month in social security payments, this is presently her only income. As the subject of the underlying suit involves the foreclosure of Davenport's home, it is also apparent that her housing situation is less than secure.

### III.  LEGAL STANDARD

As a general rule, there is no right to appointed counsel in a civil case. *See Lassiter v. Dep't of Soc. Servs. of Durham County, N.C.*, 452 U.S. 18, 25 (1981). That said, where a party meets certain criteria, courts in this district have held that he or she may be referred to the Federal Pro Bono Project. That office then endeavors to locate a volunteer attorney to represent the party. When determining whether to make a referral, these courts have relied on three factors: 1) the plaintiff's financial resources; 2) the efforts made by the plaintiff to secure counsel; and 3) the relative merit of the plaintiff's claims.[1]

### IV.  DISCUSSION

A.  <u>Plaintiff's Financial Resources</u>

---

[1] For cases applying the test see *Loyola v. Potter*, No. 09-0575, 2009 U.S. Dist. LEXIS 36179, at *4 (N.D. Cal. Apr. 16, 2009); *Glass v. Potter*, No. 09-1554, 2009 U.S. Dist. LEXIS 50990, at *2 (N.D. Cal. June 1, 2009); *Pascual v. Astrue*, No. 08-02906, 2009 U.S. Dist. LEXIS 14763, at *2 (N.D. Cal. Feb. 6, 2009); *Guidelines of the Federal Pro Bono Project of the United States District Court, Northern District of California*, revised June 25, 2008.

1    In a declaration supporting her request, Davenport claims she does not have the financial
2 resources to retain counsel.  In support, she attaches a copy of a letter from the Social Security
3 Administration.  That letter explains that, from July of 2010 onward, she will receive $1,200.40
4 each month in the form of retirement benefits.  She avers that, at this time, this payment is her only
5 source of income.  Davenport is not married, and apparently lives with her grown daughter.  While
6 Davenport acknowledges that her daughter is employed, there is no indication that her daughter does
7 or can support Davenport financially.  Based on the information provided, Davenport has shown
8 that she does not have the financial resources to hire an attorney at this juncture.  Accordingly, she
9 satisfies the first step of the three-factor analysis.

   B. <u>Plaintiff's Efforts to Secure Counsel</u>

   Plaintiff attached a list of attorneys she contacted in support of her claim that she has attempted to find counsel.  Davenport claims to have contacted more than six private law firms.  She avers she also contacted various legal services centers, but to no avail.  She listed many by name and provided a brief explanation of why each organization refused her services.

   The relevant case law does not establish just how many attorneys an individual must contact in order to satisfy the second factor.  *See Pinckney v. Yuba Cmty. College*, No. 08-3068, 2008 U.S. Dist. LEXIS 102859, at *4 (N.D. Cal. Dec. 9, 2009) (denying a plaintiff's request for appointment of counsel where he did not provide specific information detailing his efforts to find representation); *Loyola v. Potter*, No. 09-0575, 2009 U.S. Dist. LEXIS 36179, at *4, (determining that a party failed to meet this requirement where he did not identify a single name of an attorney contacted).  Here, the record reflects that Davenport has contacted a sufficient number of attorneys and provided ample documentation of her attempts to retain counsel.

   C. <u>The Merits of Plaintiff's Case</u>

   While this Court dismissed Davenport's Complaint in its entirety, it afforded her leave to amend most claims.  While there were clear problems with her pleadings, the Court recognized that it was possible that she could introduce facts that would render her claims cognizable.  In order do so, it is fairly clear that Davenport would benefit from the aide of trained counsel.

No. C 09-0679 RS
ORDER REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT

3

V.  CONCLUSION

Plaintiff has demonstrated that she lacks the financial resources to retain counsel, has made sufficient but unsuccessful efforts to do so, and advances adequate claims at this stage to warrant referral to the Federal Pro Bono Project.  IT IS HEREBY ORDERED that Karol Davenport shall be referred to the Federal Pro Bono Project in the manner set forth below:

1. The clerk shall forward to the Volunteer Legal Services Program of the Bar Association of San Francisco ("BASF") one (1) copy of the court file with a notice of referral of the case pursuant to the guidelines of the Federal Pro Bono Project for referral to a volunteer attorney.

2. Upon being notified by the BASF that an attorney has been located to represent the plaintiff, that attorney shall be appointed as counsel for Karol Davenport for the duration of this matter.

3. All proceedings in this action are hereby stayed until four weeks from the date an attorney is appointed to represent Karol Davenport in this action.  *See Guidelines of the Federal Pro Bono Project of the United States District Court, Northern District of California*, at 2, revised June 25, 2008.

4. The Order to Show Cause hearing currently scheduled for December 2, 2010 at 1:30 p.m. shall be **taken off calendar**.  A new deadline by which Davenport must file an amended complaint shall fall exactly six weeks following an Order from this Court appointing counsel.

IT IS SO ORDERED.

Dated: 10/19/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 09-0679 RS
ORDER REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT

4

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Karol Davenport**
1400 Apple Drive
Concord, CA 94518

DATED: 10/19/2010

                                      /s/ Chambers Staff
                                      Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

**United States District Court**
For the Northern District of California

No. C 09-0679 RS
ORDER REFERRING LITIGANT TO FEDERAL PRO BONO PROJECT