**\*E-Filed 8/19/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KAROL DAVENPORT,

        Plaintiff,

  v.

FIRST FINANCIAL,

        Defendant.
_____/

No. C 10-0679 RS

**ORDER RE: MOTION TO EXPUNGE**

    Former defendants U.S. Bank and Litton Loan ask the Court to expunge a lis pendens plaintiff Karol Davenport recorded on January 14, 2010 following the sale of her home at foreclosure. All claims brought against U.S. Bank and Litton Loan have been dismissed, and Davenport has not included either as a defendant in the most recent iteration of her complaint. Because no "real property" claims remain against them, these former defendants insist that the lis pendens must be expunged.

    Under California law, a court "shall" expunge a lis pendens if it finds that "the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. § 405.32. "Probable validity" means that "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Orange County v. Hongkong and Shanghai Banking Corp. Ltd.*, 52 F.3d 821, 824 (9th Cir. 1995). Davenport argues that, even though

U.S. Bank and Litton Loan are no longer defendants, she has nonetheless included a real property claim—in the form of a claim for declaratory relief—against Litton Loan. She believes the original note is null and void, and therefore that the ultimate sale at foreclosure was also tainted. Because she represents that the ability to satisfy the "probable validity" evidentiary requirement depends on the result of on-going discovery with First Financial, Davenport requests an extension of the hearing date. That request shall be granted, and the September 1, 2011 hearing date is **vacated**. On or before November 3, 2011, Davenport may file a brief of no more than seven pages of text updating the portion of her opposition that addresses her evidentiary burden. U.S. Bank and Litton may respond, subject to identical page limits, on or before November 10, 2011. The matter will then be taken under submission without oral argument, pursuant to Civil Local Rule 7-1(b), and an order on the motion to expunge shall issue thereafter.

IT IS SO ORDERED.

Dated: 8/19/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE